UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 21-2525

**Caption [use short title]**

**Motion for:** Summary affirmance

Set forth below precise, complete statement of relief sought:

Defendant-Appellee respectfully requests that the District Court's September 7, 2021 and October 7, 2021 orders be summarily affirmed.

Li v. Alibaba Group Holding Ltd.

**MOVING PARTY:** Alibaba Group Holding Ltd.
**OPPOSING PARTY:** Hai Dong Li

☐ Plaintiff   ✔ Defendant
☐ Appellant/Petitioner   ✔ Appellee/Respondent

**MOVING ATTORNEY:** Stephen P. Blake
**OPPOSING ATTORNEY:** Ning Ye

[name of attorney, with firm, address, phone number and e-mail]

Simpson Thacher & Bartlett LLP
425 Lexington Avenue, New York, NY 10017
Tel: 212-455-2000; Email: sblake@stblaw.com

Law Office of Ning Ye, Esq.
135-11 38th Ave, Suite 1A, Flushing, NY 11354
Tel: 718-308-6626; Email: yeningusa@gmail.com

Court- Judge/ Agency appealed from: United States District Court for the Southern District of New York- Hon. Vernon S. Broderick

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
✔ Yes  ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ✔ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ✔ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes  ✔ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes  ✔ No  If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Stephen P. Blake   **Date:** 10/29/2021   Service by: ✔ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

```
HAI DONG LI                                    )
              Plaintiff – Appellant,           )
                                               )
                                               )  Docket Number: 21-2525
                  v.                           )
                                               )
ALIBABA GROUP HOLDING LTD.,                    )
                                               )
              Defendant – Appellee             )
                                               )
ANT FINANCIAL SERVICE GROUP, JACK YUN          )
MA, DANIEL YOUNG ZHANG, JUNGONG SUN            )
                                               )
              Defendants.                      )
                                               )
-----------------------------------------------x
```

## **DEFENDANT-APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2002

*Counsel for Defendant – Appellee*
*Alibaba Group Holding Limited*

**TABLE OF CONTENTS**

                                                                             **Page**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ........................................................................................................................ 3

ARGUMENT .............................................................................................................................. 6

I.      The District Court's Dismissal of the Amended Complaint Should be Summarily Affirmed ................................................................................................................... 7

II.     The District Court's Issuance of a Pre-Suit Injunction and Denial of Leave to File a New Complaint Should be Summarily Affirmed ............................................................ 9

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdullah v. Gatto*,
    773 F.2d 487 (2d Cir. 1985)............................................................................... 10

*Barclay v. Michalsky*,
    368 F. App'x 266 (2d Cir. 2010) ......................................................................... 7

*Bletas v. Deluca*,
    2013 WL 2948103 (2d Cir. Jan. 17, 2013) .......................................................... 7

*Chepilko v. City of New York*,
    562 F. App'x 36 (2d Cir. 2014) ........................................................................... 8

*Groendyke Transp., Inc. v. Davis*,
    406 F.2d 1158 (5th Cir. 1969) ............................................................................. 6

*Nietzke v. Williams*,
    490 U.S. 319 (1989).............................................................................................. 6

*Nnaka v. Federal Republic of Nigeria*,
    2020 WL 6839179 (2d Cir. Aug. 5, 2020)............................................................ 7

*Safir v. U.S. Lines Inc.*,
    792 F.2d 19 (2d Cir. 1986).................................................................................... 9

*Tafari v. Hues*,
    473 F.3d 440 (2d Cir. 2007).................................................................................. 6

*U.S. v. Davis*,
    598 F.3d 10 (2d Cir. 2010)................................................................................ 1, 6

*U.S. v. James*,
    280 F.3d 206 (2d Cir. 2002).................................................................................. 6

*Watson v. Geithner*,
    355 F. App'x 482 (2d Cir. 2009) .......................................................................... 8

*Xin Jian Sun v. Cavallo*,
    2017 WL 4174940 (2d Cir. May 4, 2017) ............................................................ 7

*Xin Jian Sun v. Pollack*,
    2017 WL 11621227 (2d Cir. Nov. 29, 2017)........................................................ 7

Defendant-Appellee Alibaba Group Holding Ltd. ("Alibaba" or "Defendant") respectfully moves for summary affirmance of the District Court's orders: (1) granting Defendant's Motion to Dismiss the First Amended Complaint and granting in part Defendant's Motion for Sanctions (ECF 34), and (2) denying Plaintiff Hai Dong Li's Application Pursuant to Court Order Seeking Leave to File (ECF 37).

## PRELIMINARY STATEMENT

Although summary affirmance is "a rare exception to the completion of the appeal process," it is warranted where an appeal is "truly frivolous" and "lacks an arguable basis either in law or in fact." *U.S. v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010). This appeal is the exceptional case where the District Court's orders should be summarily affirmed without further briefing.

This is a vexatious action in which Plaintiff – a Chinese national – attempts to masquerade as New York state law causes of action defective Chinese legal claims, which by his own admission are *res judicata*, related to e-commerce transactions in China, against a non-U.S. company doing business in China. As the District Court held in dismissing the suit for lack of jurisdiction and in granting targeted sanctions, this is a "legally spurious" and "frivolous complaint." ECF 34 at 11-12. As Judge Vernon Broderick described in his well-reasoned decision, Plaintiff-Appellant Hai Dong Li ("Li or Plaintiff") "has shown a history of filing duplicative, vexatious, and unreasonable lawsuits against Alibaba." *Id.* at 11. Plaintiff himself alleges that his suit, and similar suits premised on the same facts, have all already been rejected in the Chinese courts repeatedly, and that "hefty sanctions" have been imposed against him in those courts for waste of judicial resources. *Id.* at 3; Am. Compl. ¶85.

Notably, this is not a *pro se* action where some leniency might normally be afforded for the Amended Complaint's many deficiencies and for Plaintiff's improper litigation conduct. Here Plaintiff is represented by trained counsel. Nevertheless, in addition to the unmistakable

1

substantive jurisdictional defects (and a myriad of other deficits in the Amended Complaint that the District Court did not even need to reach[1]), Plaintiff and his counsel have repeatedly and consistently failed to comply with basic procedural obligations, including failing to timely oppose either Defendant's motion to dismiss or motion for sanctions and failing to attach a proposed complaint in his application for leave to file yet another frivolous lawsuit against Alibaba. These failures by themselves are dispositive and warrant summary affirmance.[2]

Plaintiff's *own statements* in his application for leave to file yet another dead-on-arrival lawsuit against Alibaba make the frivolous nature of Plaintiff's appeal unmistakable. In that filing, Plaintiff repeatedly describes the District Court's decision granting the Motion to Dismiss—the same decision that he is appealing here—*as correct*:

> After repeated and lengthy discussion with this undersigned counsel, Plaintiff would first expresses [*sic*] his hearty appreciation for this Honorable Court's **correct and wise decision**, by pinpointing that the **subject matter jurisdiction was not established** that the three cited Federal Statutes are not self-executing and couldn't lend the Plaintiff a federal question jurisdictional basis to have his claim adjudicated in this Court. After careful review of the Court's Opinion in connection to careful study of related authorities, **Plaintiff believes that the Court's holding on subject matter jurisdiction is correct and instructive**. The **Plaintiff is not a U.S. citizen, therefore, he cannot resort to federal court's jurisdiction based upon diversity of citizenship**. Under such an impasse, he is foreclosed from further amending his Complaint from resorting to Federal Question Jurisdiction to Diversity of Citizenship jurisdiction. **Accordingly, this Court's granting, Defendants' motion to Dismiss appears appropriate and correct.**

ECF 36 (Application Pursuant to Court Order Seeking Leave to File) at 1 (emphases added). Plaintiff's repeated concessions that the District Court's September 7, 2021 decision was correct and that there is no subject matter jurisdiction over his claims shows the extent to which his

---

[1] *See* ECF 25 at 15-25.

[2] This pattern of ignoring deadlines and procedural requirements continues in this appeal as the Clerk of Court has already issued three separate deficiency notices relating to Plaintiff's failure to file required forms for his appeal. *See* No. 21-2525, Dkts. 10-12.

appeal is a waste of this Circuit Court's time and resources—as the underlying lawsuit was before the District Court. The District Court's orders should be summarily affirmed.

## BACKGROUND

Plaintiff Hai Dong Li has been involved in numerous lawsuits in China against Alibaba premised on the same allegations he makes in this action. ECF 34 at 3. But, as he pleads, Li "lost his litigations" and was ordered to pay "hefty sanctions" in China. *Id.* Li filed this action on December 19, 2019, and initially named various other defendants as well as John Doe and Mary Roe defendants. *Id.* Although Li initially filed this action *pro se*, counsel appeared on Li's behalf on January 23, 2020 and has been representing Li since then, including in opposing Alibaba's motions at issue on this appeal. *Id.* "In addition to his frivolous complaint filed in this action, [Li] has brought actions asserting many of these same allegations against Alibaba twice before in New York—one in federal court and one in state court." *Id.* at 11-12.

Alibaba filed a motion to dismiss and a motion for sanctions on February 18, 2020. *Id.* at 3. By order dated February 19, 2020, the District Court directed Li to file any amended complaint by March 4, 2020 and Li, guided by counsel, subsequently filed the First Amended Complaint which only named as Defendants Alibaba and the previously-mentioned Does and Roes. *Id.* at 3-4.

On March 10, 2020, Alibaba filed a reply brief in support of its motion for sanctions. *Id.* at 4. Li did not timely file any opposition to Alibaba's motion. *Id.* On March 24, 2020, Alibaba moved to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6), and, on April 8, 2020, Alibaba filed its reply brief in support. *Id.* Once again, Li failed to timely file papers in opposition Alibaba's motion. *Id.*

On September 7, 2021, the District Court issued an Opinion and Order (ECF 34) holding that, "[b]ecause Li fails to assert even a colorable basis for this Court's jurisdiction, the motion to

3

dismiss is GRANTED" and "[t]he motion for sanctions is GRANTED insofar as it seeks a pre-litigation injunction against Li." ECF 34 at 1. In reaching this decision, Judge Broderick noted that "because Li did not timely file papers opposing any of Defendants' motions and supporting papers, I need not consider the untimely opposition papers he did eventually file" and that Li "has not raised an argument sufficient to show that there is good cause to consider his opposition papers." *Id.* at 7. However, the District Court noted that even if this blatant and unjustified untimeliness was ignored, "the FAC does not sufficiently allege subject matter or personal jurisdiction" and that "Li has failed to plead any colorable federal claims" because the only asserted basis for subject matter jurisdiction is federal question jurisdiction and none of the federal statutes cited by Plaintiff create causes of action that could give rise to any private rights of action. *Id.* at 7-9. Further, the District Court held that even setting aside the lack of subject matter jurisdiction, "Li identifies no statutory basis for personal jurisdiction" and "Li has not pleaded any facts suggesting that the exercise of personal jurisdiction comports with the due process clauses of the Fifth and Fourteenth Amendments." *Id.* at 10.

In granting the Motion for Sanctions, the District Court acknowledged that this action is part of a long history of frivolous suits filed by Li against Alibaba:

> Li has shown a history of filing duplicative, vexatious, and unreasonable lawsuits against Alibaba. In addition to his frivolous complaint filed in this action, *see supra*, he has brought actions asserting many of these same allegations against Alibaba twice before in New York—one in federal court and one in state court—(Kaplan Decl. Exs. C &D), and he filed "several litigations [in] the Chinese courts," which he himself pleads led to his being "ordered to pay hefty sanctions to Defendant Alibaba," (FAC ¶ 85). All of these other cases were dismissed. (Kaplan Decl. Ex. C at 14-16; *id.* Ex. D. at 27; FAC ¶ 85). By filing similar, legally spurious complaints against Alibaba repeatedly, Li has shown that he cannot have "an objective good faith expectation of prevailing." To date, nothing has dissuaded Li from pursuing his frivolous litigation against Alibaba. He continued in this action even after Alibaba warned his prior counsel as to the frivolous nature of Li's state court action, (Kaplan Decl. Ex. E), which was enough to cause his prior counsel to withdraw, (*id.* Ex. F). Similarly, because Li

4

> concedes that he has already faced monetary sanctions for bringing related suits against Alibaba, Li has demonstrated that monetary sanctions alone are unlikely to stop him from filing more baseless lawsuits. There is thus sound basis for imposing the pre-filing injunction on Li that Alibaba seeks.

*Id.* at 11-12. Given this repeated vexatious and harassing conduct, Judge Broderick ordered that "Li is barred from filing future actions related to or arising from his purchase of allegedly counterfeit goods from Alibaba or any entity affiliated with it—against any party or in any court—without first obtaining leave to file from this Court." *Id.* at 13. This Order also directed that "Li must attach a copy of his proposed complaint and attach a copy of this Opinion and Order with any such motion" and warned that "[i]f Li violates this Opinion and Order and files an action without first obtaining leave to file, the action will be dismissed for failure to comply with this Opinion and Order, and Li may be subject to sanctions, including contempt." *Id.* at 13-14. Judge Broderick exercised his discretion and did not issue monetary sanctions, finding that the pre-suit injunction was a sufficient remedy to address Li's repeated abuse of the U.S. legal system. *Id.*

Li did not move the District Court to reconsider the September 7, 2021 Opinion and Order. On October 6, 2021, Plaintiff filed an "Application Pursuant to Court Order Seeking Leave to File" with the District Court. ECF 36. Despite the District Court's explicit instructions to attach any proposed pleading with the application, Li did not file a proposed complaint with his application for leave. *Id.*

Confusingly (albeit correctly), Li's application for leave **conceded that the District Court's motion to dismiss decision was correct.** Plaintiff thanked the Court for its "wise decision," stating, "Plaintiff would first expresses [*sic*] his hearty appreciation for this Honorable Court's correct and wise decision, by pinpointing that the subject matter jurisdiction was not established that the three cited Federal Statutes are not self-executing and couldn't lend

5

the Plaintiff a federal question jurisdictional basis to have his claim adjudicated in this Court." *Id.* at 1. Li further confirmed that "Plaintiff believes that the Court's holding on subject matter jurisdiction is correct and instructive" and that because there is no diversity jurisdiction, "this Court's granting Defendants' motion to Dismiss appears appropriate and correct." *Id.* With respect to personal jurisdiction, Li likewise conceded that this finding was "also correct based upon the allegation and evidence in support of the original Complaint." *Id.*

On October 7, 2021, the District Court denied Plaintiff's application to file a new suit, because "Plaintiff failed to attach a copy of his proposed complaint with this application, as required by my opinion order." ECF 37 at 2. Rather than resubmit the application with the proposed complaint, Plaintiff instead filed this frivolous appeal purportedly challenging the September 7, 2021 dismissal of the complaint (that Plaintiff now concedes was correct), issuance of a sanction in the form a pre-suit injunction, and the Court's October 7, 2021 denial of his application for leave to file yet another vexatious lawsuit against Alibaba. *See* ECF 38 (Notice of Appeal).

## **ARGUMENT**

"Summary affirmance of a district court's decision in place of full merits briefing and, at the discretion of the court, argument is, and should be treated as, a rare exception to the completion of the appeal process. It is a short-cut and, in light of the liberty and property rights involved, one that is available only if an appeal is 'truly frivolous.'" *Davis*, 598 F.3d at 13 (citing *U.S. v. James*, 280 F.3d 206, 209 (2d Cir. 2002). "An appeal is frivolous when it lacks an arguable basis either in law or in fact. A frivolous action advances 'inarguable legal conclusions' or 'fanciful factual allegations.'" *Id.* (citing *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) and *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (finding summary disposition appropriate where

6

either "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," or "the appeal is frivolous").

Despite the limited situations where summary affirmance is warranted, this Circuit summarily affirms a district court decision and dismisses an appeal when faced with frivolous cases like this one that are a waste of judicial resources and harassing to the appellees. *See Xin Jian Sun v. Cavallo,* 2017 WL 4174940, at *1 (2d Cir. May 4, 2017) (granting summary affirmation and dismissing appeal in its entirety because it "lacks an arguable basis either in law or in fact" and warning appellant that "the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers, will result in the imposition of a sanction, which may require Appellant to obtain permission from this Court prior to filing any further submissions in this Court."); *Bletas v. Deluca*, 2013 WL 2948103, at *1 (2d Cir. Jan. 17, 2013) (granting motion for summary affirmance because the appeal lacked an arguable basis in law or fact and granting motion for sanctions); *see also Xin Jian Sun v. Pollack*, 2017 WL 11621227, at *1 (2d Cir. Nov. 29, 2017) (granting summary affirmance); *Nnaka v. Federal Republic of Nigeria*, 2020 WL 6839179, at *1 (2d Cir. Aug. 5, 2020) (granting summary affirmance).

I. **THE DISTRICT COURT'S DISMISSAL OF THE AMENDED COMPLAINT SHOULD BE SUMMARILY AFFIRMED**

Plaintiffs' appeal of the District Court's motion to dismiss decision is a 'clearly meritless' appeal given that Plaintiff himself now repeatedly concedes that this decision was correct. *See supra* at 2, 5. It is hard to imagine a more plainly frivolous appeal than one where the appellant has already stated in filings that are part of the same appeal that the underlying District Court decision was correct. *See, e.g., Barclay v. Michalsky*, 368 F. App'x 266, 268 (2d Cir. 2010) (affirmation of lower court grant of summary judgment required "[i]n light of plaintiff's concessions and the record evidence that supports them.").

7

Furthermore, as the District Court recognized, Plaintiff failed to timely oppose Alibaba's motion to dismiss. *See supra* at 3. The District Court therefore had the discretion to entirely disregard Plaintiff's opposition papers. *See Watson v. Geithner,* 355 F. App'x 482 (2d Cir. 2009) (District court did not abuse its discretion in not considering untimely opposition to motion for summary judgment); *Chepilko v. City of New York*, 562 F. App'x 36, 37 (2d Cir. 2014) ("district court did not abuse its discretion in failing to consider his untimely opposition to the defendants' motion *in limine*").

Nevertheless, the District Court properly held that even if it did consider Li's untimely opposition, his assertions of subject matter jurisdiction and personal jurisdiction were not even colorable given that none of the federal statutes cited by Plaintiff as a basis for federal question jurisdiction supported a private right of action, Plaintiff is a foreign national, and the Amended Complaint pleaded no facts suggesting that the Court had personal jurisdiction over a dispute that is entirely between foreign Chinese parties that took place entirely in China. *See* ECF 34 at 7-11; ECF 25 (Memorandum of Law in Support of Motion to Dismiss).[3] Plaintiffs' concessions, untimely opposition papers, and wholly defective pleading all demonstrate that the District Court's September 7, 2021 dismissal of this lawsuit should be summarily affirmed.

---

[3] Interspersed among accusations of a "life threatening risk to gradually overwhelm the U.S. financial system by Alibaba's economic neo-colonialism invading the United States in full scale, threatening the U.S. dollar system for this nation's bare survival" (ECF 36 at 2), Plaintiff now claims belatedly in his application for leave to file a new complaint that he has uncovered "shocking" new evidence that Alibaba has business in the United States because Plaintiff has seen retail stores where customers can utilize Alipay to make purchases. But Alipay is a business entirely unrelated to this lawsuit that is operated by Ant Group, a separate company from Alibaba Group Holding Ltd. Not only is this "new evidence" entirely irrelevant, Plaintiff has not even attempted to present it to the District Court through a motion for reconsideration.

8

## II. THE DISTRICT COURT'S ISSUANCE OF A PRE-SUIT INJUNCTION AND DENIAL OF LEAVE TO FILE A NEW COMPLAINT SHOULD BE SUMMARILY AFFIRMED

It is "beyond peradventure" that "[a] district court possesse[s] the authority to enjoin [a litigant] from further vexatious litigation." *Safir v. U.S. Lines Inc.*, 792 F.2d 19, 23 (2d Cir. 1986). As set forth by this Court in *Safir,* "the district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have a good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24. Here, the District Court properly found that Mr. Li (represented by counsel) has pursued many duplicative and vexatious lawsuits against Alibaba entities and that a pre-suit injunction is necessary to stop this harassing conduct that imposes undue expense on Alibaba.

Plaintiff's October 6, 2021 application for leave to file another frivolous suit against Alibaba is clear evidence that the District Court got it right given that Plaintiff would have simply filed another lawsuit in NY state court premised on the same allegations that have been repeatedly rejected, absent the pre-suit injunction. The sanction is also narrowly tailored, consistent with this Court's precedent in *Safir* and *Abdullah* so that Plaintiff need only seek leave from the Court before filing suit. *See Safir*, 792 F.2d at 25 (modifying "overly broad" injunction that "preclude[d] [the plaintiff] from instituting any action whatsoever" to provide that the

9

plaintiff was prevented from filing actions related to those previously litigated without first obtaining leave of the court); *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) (finding that overbreadth of injunction directing clerk to reject all *in forma pauperis* filings or complaints from plaintiff relating to his arrest, trial, conviction, or imprisonment was "easily cured by modifying the injunction to require [the plaintiff] to seek leave of the district court before filing such actions"). The pre-suit injunction is not only well supported here, but also necessary to protect Alibaba from constant harassment by Plaintiff Li. Likewise, the Court's decision to reject Plaintiff's motion for leave to file a new lawsuit against Alibaba for the straightforward reason that Plaintiff failed to follow the Court's instructions and did not attach a proposed complaint is unquestionably within the District Court's sound discretion. The District Court's granting of a pre-suit injunction and denial of leave should be summarily affirmed.

## CONCLUSION

The District Court's September 7, 2021 and October 7, 2021 Orders should be summarily affirmed.

Dated: October 29, 2021
    New York, NY

Respectfully submitted,

**SIMPSON THACHER & BARTLETT LLP**

*/s/ Stephen P. Blake*
Stephen P. Blake
sblake@stblaw.com
425 Lexington Avenue
New York, New York, 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2002

*Counsel for Defendant Alibaba Group Holding Limited*

10