# In the U.S. Court of Appeals, 2nd Circuit

| | |
|---|---|
| Haidong Li | ) |
| Appellant/Plaintiff | ) File No. 21-2525 |
| v. | ) |
| Alibaba Group Holding Ltd., et al | ) |
| Appellees/Defendants | ) |

___

**APPELLANT'S OPPOSITION\* TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE AND MEMORANDUM OF LAW THEREOF**

Appellees/Defendants filed a Motion for Summary Affirmance of the District Court's 09/08/2021 Decision on October 29, 2021 (Doc 13, this Court). Appellee's Motion for Summary Affirmance appears frivolous and it should be instantly denied for failure in fatality to clearly state the cause upon which such a normally disfavored disposition should be granted.

The lower court's 09/08/2021 Order granting and partially granting Defendants' various motions is a mixed decision which also including a narrow path granting Appellant-Plaintiff to file to the same court for leave of court to file an "Amended Complaint" (Doc 34, pp13-14) with meticulously guided directions. Appellant/Plaintiff strictly followed such guideline and carefully filed the Motion, unfortunately, by hand-delivery, to the pro se clerk's office at the hard-to-find corner and the pro se clerk on the lower court side, after taking the paperwork, had misfed the scanner and the clerical mistake, became so huge a bubble prompting the District Judge, without any investigation upon his own clerk, flatly denied the Appellant's motion to file following the lower court's own direction. Such a humanly mistake which occurs from time to time especially in this devastating pandemic season, which might have been later clarified, did not have to be an irreversible impasse. It appears on the surface as a prejudice. Appellee's Motion has failed to differentiate or delineate which part of the trial Judge's 09/08/2021 Order they sought for summary affirmance: The Part of Dismissal of the 1st Amended Complaint, or the Part of the Order which grants the Plaintiff to file a motion for leave of the Court to further amend the Complaint, as what the trial judge held it as "proposed Complaint". (Trial Court Docket 34, pp 13-14.)

If this part of the Order is what the Appellee sought for summary affirmance, the Appellee should make it crystal clear in their Reply Brief. From the context of the 09/08/21 Order, the lower Court's dismissal should be deemed as the dismissal without prejudice, even though the trial judge had failed to make it clear by its literature. This may also be a reversible defect of the 09/08/2021 Order, now pending appeal.

___

**\***Counsel for the Appellant just found this Honorable Court's Procedural Orders and Appellees' Motion today by his due diligence search of Pacer, due to his PC's glitch.

**Preliminary Threshold Issues: Frivolity and Continuing Frauds upon the Court**

In Appellees' Motion for Summary Dismissal, Defendant-Appellee Alibaba Group Holding Ltd. ("Alibaba" or "Defendant") moves for summary affirmance of the District Court's orders: (1) granting Defendant's Motion to Dismiss the First Amended Complaint and granting in part Defendant's Motion for Sanctions (ECF 34), and (2) denying Plaintiff Hai Dong Li's Application Pursuant to Court Order Seeking Leave to File (ECF 37).

Appellees argued: "Although summary affirmance is 'a rare exception to the completion of the appeal process," it is warranted where an appeal is "truly frivolous" and "lacks an arguable basis either in law or in fact." U.S. v. Davis, 598 F.3d 10, 13 (2d Cir. 2010).

This is not the case here. Here in this case, the lower court has imposed an absolute, universal ban on Appellant's any and all actions against the Appellee, even though such appellees may have posed not only harms upon the Appellant. But upon the entire nation of the United States.

Investigation and finding of facts needs time given to Appellant's extremely limited resources, and shocking discovery of the Appellee's frauds upon the court has changed the game rule by ground breaking magnitude, given to the lower court's unconscionable rejection upon Appellant's motion for leave.

Appellee frivolous motion argued the underlying case triggering the appeal is a vexatious action in which Plaintiff – a Chinese national – attempts to masquerade as New York state law causes of action defective Chinese legal claims, which by his own admission are res judicata, related to e-commerce transactions in China, against a non-U.S. company doing business *in China*." Voluminous evidence demonstrates that Appellees did not limit its daily business operation just "in China"。 Their business activities are now, at this time and the time when this legal action was brought in the lower court, was and still is, over-flooding coast to coast through out the landmass of the United States. "As the District Court held in dismissing the suit for lack of jurisdiction and in granting targeted sanctions, this is a "legally spurious" and "frivolous complaint." ECF 34 at 11-12. The lower Court's such finding is the fruit of the Defendants misinformation by frauds, claiming that Defendants were just "doing business in China", rendering no nexus for the trial court's exercising its jurisdiction under Rule 12 b 1 and b2. As Judge Vernon Broderick described in his well-reasoned decision, Plaintiff-Appellant Hai Dong Li ("Li or Plaintiff") "has shown a history of filing duplicative, vexatious, and unreasonable lawsuits against Alibaba." Id. at 11. Plaintiff himself alleges that his suit, and similar suits premised on the same facts, have all already been rejected in the Chinese courts repeatedly, and that "hefty sanctions" have been imposed against him in those courts for waste of judicial resources. Id. at 3; Am. Compl. ¶85. One may fully trust in the "judicial institution" of the People's

Republic, the factual truth is that the People's Republic is under the reign of totalitarian jungle rule. Appellant has never denied before the lower court the fact that he did litigate his case inside communist China and lost. It only means he had exhausted local remedy before he initiated this underlying case before the U.S. district Court。

Appellees further argued that "Plaintiff and his counsel have repeatedly and consistently failed to comply with basic procedural obligations, including failing to timely oppose either Defendant's motion to dismiss or motion for sanctions and failing to attach a proposed complaint in his application for leave to file yet another frivolous lawsuit against Alibaba." Here Appellees have messed all different ingredients into one lousy basket, so-called failure of inclusion of a proposed complaint appears to be the clerical error, simply being caused by the lower court's humiliating special arrangement to order the Appellant's counsel to hand-deliver the filing of the Motion for leave in person to "pro se" desk of the court, implicating, apparently in pleasing Chinese Alibaba, that this undersigned is simply on such "sub-professional level of a pro se litigant." Such hand-delivery, rather than filing the motion through the lower court's ECF systems, having paved the way for the receiving clerk, failed to feed some attachment, including the copy of the said draft complaint into scanning feeder. The lower Court, ridiculously, denied the Motion under such a sheer technical reason which was caused by the pro se clerk, and was later clarified. Yet the Appellees still bit tightly without moving away their teeth. These alleged "failures" under meritorious disputes, on top of so much immaterial trivial should in no circumstances be construed as material violation by the Appellant, much less so in such on-going devastating pandemic season, neither should they by themselves be deemed dispositive henceforth warranted no-summary affirmance.

More amusingly, Appellee cited "Plaintiff's own statements in his application for leave to file yet another dead-on-arrival lawsuit against Alibaba make the frivolous nature of Plaintiff's appeal unmistakable. In that filing, Plaintiff repeatedly describes the District Court's decision granting the Motion to Dismiss—the same decision that he is appealing here—as correct: After repeated and lengthy discussion with this undersigned counsel, Plaintiff would first express his hearty appreciation for this Honorable Court's correct and wise decision, by pinpointing that the subject matter jurisdiction was not established that the three cited Federal Statutes are not self-executing and couldn't lend the Plaintiff a federal question jurisdictional basis to have his claim adjudicated in this Court. After careful review of the Court's Opinion in connection to careful study of related authorities, Plaintiff believes that the Court's holding on subject matter jurisdiction is correct and instructive. The Plaintiff is not a U.S. citizen, therefore, he cannot resort to federal court's jurisdiction based upon diversity of citizenship. Under such an impasse, he is foreclosed from further amending his Complaint from resorting to Federal Question Jurisdiction to Diversity of Citizenship jurisdiction."

Wrong. The material discovery of the decisive evidence addressing Appellees' aggressive business activities flooding through entire United States which strongly

negates the lower court's erroneous decision with untruthful finding that Defendants engaged no "business activities or commercial nexus" under the knowing frauds in the willful misrepresentation made by the Defendants to defraud the Court. Additionally, Appellant's eulogy acclaiming lower court's "wisdom" is given to the lower Court's further granting Appellant's opportunity to file leave of the Court to amend his Complaint with strict prerequisites, for which Appellant strictly observed.  Given to the lower Court's own betrayal of its granting of the leniency to allow the Appellant to file motion for leave of the Court to amend, based upon the Court's pro se clerk's technical mishandling of the scanner, a procedure which could have been completely avoided, if the lower court had allowed this undersigned to file electronically as usual. The lower court used its own mistake to suppress the Appellant's humble obedience attempting to avoid this appeal cannot, and should not, be imputed upon the Appellant, much less his contemplated "pro se" counsel.

These facts for the record demonstrates that a summary affirmance is not a proper solution in favor of the dishonest litigant Appellee Alibaba, taking procedural due process into consideration.

**Shocking Discovery of Material Evidence Adverse to Appellees-Defendants**

Appellees/Defendants obtained the trial Court's pretrial, pre-discovery dismissal of the Complaint is by having committed frauds upon the Court.  To seek for the District Court's summary dismissal, Defendant Alibaba argued that the Alibaba had not involved in any business operations inside the United States because merely issuing, selling and transacting Alibaba's stocks in the United States Stock exchange market with the prior approval of the SEC did not constitute of "doing business in the United States".  In another words, the Defendants sneaking into the U.S. stock market by deliberate concealment of that actually communist controlled global E-Commerce conglomerate to steal an access into U.S. Exchange Market by cycling U.S. hot currency without presenting transparency did grant that red kleptocracy giant an immunity from being sued through out the United States because it did not engage in any commercial activities in the United States.

This is a peer lie, as fraudulent representation to the District Court knowing the statement was untrue. Defendant Alibaba had not only engaged in commercial activities through out the land mass of the United States from coast to coast, but also posing deadly threats against once well established U.S. economy and financial security in good order, the predominance of the U.S. currency, U.S. dollars in this nation's daily commercial and economic activities. The factual truth is: with Defendant Alibaba's sneaking, carefully concealed economic invasion and growing economic colonialism, under dishonest cover, against the nation of the United States, the economic survival, financial integrity under the dollar systems since WWII, have been threatened at crippling phase, in visible future, lethal ending.

4

Credible statistics shows that the Alipay, one of the evil invasive claw of Defendant Alibaba's, has roll out 7000 Walgreens Supermarket, through out the nation, the currency being used in Defendant Alibaba's barcode automatic cashier is not U.S. Dollars, but the PRC's officially circulated RMBs (Group Exhibits #1-#5), indicating an on-going harms against the Appellant and all similarly situated victims.   This is just for Walgreens alone.   Hotels, Restaurants, luxury stores, the growing portion of the U.S. retail business take Chinese RMB instead of the US dollars as the official tenders, through Alipay network under Defendant Alibaba, quickly landing and occupying the financial market by gradually kicking out the U.S. official legal tender of the U.S. dollars. The Honorable District Judge had still been sleeping soundly after this nation's political elites' 40-year sleepingin panda-hugging honey moon, by simply trusting the Defendant Alibaba's grand fraud that it did not exist in America's daily commercial activities.   The Honorable trial judge simply ignored such a drowning crises posed by the Defendant, namely, the Communist Party controlled Alibaba's such when Plaintiff envisaged its full-scale economic invasion and currency colonialism threatening the bare survival of this nation.   Should the U.S. dollar system is eroded, corrupted, and collapsed because of the Defendant's alleged "non-existence" in the U.S., ridding off the U.S. Federal jurisdiction upon such red dragon giant, not only our life style, but also this nation's bare survival, will be an open question, given to the catastrophic impact of the devastating CCP virus.

**ARGUMENT:**

**SUCH MOTIONS ARE GENERALLY DISFAVORED**.

"Summary affirmance of a district court's decision in place of full merits briefing and, at the discretion of the court, argument is, and should be treated as, a rare exception to the completion of the appeal process. It is a short-cut and, in light of the liberty and property rights involved, one that is available only if an appeal is 'truly frivolous.'" Davis, 598 F.3d at 13 (citing U.S. v. James, 280 F.3d 206, 209 (2d Cir. 2002).

True it is within the discretion of this Court. "A party seeking summary disposition bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam); see also Truesdale v. U.S. Dept. of Justice, 2012 U.S. App. LEXIS 17125 (D.C. Cir. Aug. 15, 2012). Accordingly, "[p]arties should avoid requesting summary disposition of issues of first impression for the Court." Appellees' motion for summary affirmance must be denied if "[t]he merits of the parties' positions are not so clear as to warrant summary action." Baird v. Gotbaum, 2013 U.S. App. LEXIS 21064 (D.C. Cir. July 19, 2013) (per curiam) (citing Taxpayers Watchdog, 819 F.3d at 297). Summary disposition is appropriate only where the moving party has carried the heavy burden of demonstrating that the record and the motion papers comprise a basis adequate to allow the fullest consideration necessary to a just determination. Cascade Broad. Group, Ltd. v. FCC, 822 F.2d 1172, 1174 (D.C. Cir.

1987) Such motions are generally disfavored. See, e.g. United States v. Fortner, 455 F.3d 752 (7th Cir. 2006).

With presentation of such voluminous evidence in adverse to show Appellee's fraudulent argument that the jurisdiction is not established because Defendant Alibaba is just transacting business "in China", having nothing to do with the market of the United States. Now, we shows the Court that Appellee Alibaba is not just doing its day-to-day business in the United States, the flooding of Alibaba's ultra-aggressive financial invasion and economic colonialism against the United States seriously threatens the mere economic survival of this nation, the growing menace Defendant made full scale fraud to cover up, is by no means a 'fanciful factual allegations.'" (citing Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) see also Nietzke v. Williams, 490 U.S. 319, 325 (1989)); These are well established factual truth with overwhelming proof simply under s thin paper being carefully covered by the Defendants. The change is after September 2021, all such visible signs as "We take RMB by Alipay" was removed to cover up, yet the ultra-friendly cashiers are always ready to tell you that RMB through Alipay welcome you. Moreover, the lower court's original disposition might be correct to allow the Appellant to file a motion for leave of the court to amend his complaint, through further investigation by discovery and all other efforts, to find such Alipay's abuse of the U.S. lack of vigilance to allow the Defendant to topple down U.S. Dollar predominance, an imminent and lethal threats to the national security of this nation. Such an wild expansion has actually initiated Federal RICO act and Federal Anti-Trust law, which will definitely triggers an enlargement of subject matter jurisdiction under Rule 12 (b )(1) in addition to Rule 12 (b) (2). "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," or "the appeal is frivolous". Here, what appears frivolous is Appellees' Motion for summary affirmance, with which Defendant Alibaba, can successfully run off the hook, with continuing their knowing frauds, misleading the trial court as well as this Federal Court of Appeals.

**CONCLUSION:**

In the foregoing light, Appellees/Defendants frivolous Motion for summary affirmance of the trial Court's erroneous decision, including its irrational decision to reverse its own grant of Appellant's motion for leave of the Court to file Amended Complaint, by a trivialized clerical error on his own part, should be instantly denied. This appeal, as of the Appellant's right to appeal, should be placed into active calendar.

Respectfully submitted by,


s/Ning Ye, Esq.
Counsel for the Appellant